United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRES MACEDO NAVARRETE, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-26-1873 |
| CENTRAL INTELLIGENCE AGENCY, | § § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Defendant Central Intelligence Agency's Motion to Dismiss Plaintiff's Amended Complaint (Document No. 10). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the Defendant's motion should be granted.

## I. BACKGROUND

*Pro se* Plaintiff Andres Macedo Navarrete ("Navarrete") brings suit against Defendant Central Intelligence Agency ("CIA"). Navarrete first alleges that his former employer was coordinating with government agents to intercept his private communications in September 2016.[1] Navarrete further alleges that he "was frequently followed by unidentified vehicles with heavy window tint and temporary

---

[1] *See Plaintiff's Amended Complaint,* Document No. 10 at 1.

paper license plates" in 2019.[2] Navarrete further alleges that he "observed continued mind games via social media content" in 2020.[3] Navarrete further alleges that he experienced "persistent tapping sounds within [his] apartment walls" in 2023.[4] Navarrete further alleges that he "detected an invisible gas being pumped through the AC vents around midnight, causing acute tachycardia and respiratory difficulty" in late 2023.[5] Finally, Navarrete alleges that on June 20, 2024 he "suffered a severe heart rate spike after consuming bread from a local bakery" and that "these actions are part of a coordinated, clandestine program designed to isolate and debilitate" him.[6] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Based on the foregoing, on March 9, 2026, Navarrete filed suit, *pro se*, in the Court. On April 6, 2026, Navarrete filed an amended complaint in this matter. On June 12, 2026, the CIA filed a motion to dismiss for lack of subject-matter jurisdiction and for a failure to state a claim upon which relief can be granted.[7]

---

[2] *Id.*

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.*

[6] *Id.*

[7] *See Defendant's Motion to Dismiss Plaintiff's Amended Complaint*, Document No. 10 at 1-8.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

3

### III. LAW & ANALYSIS

The CIA moves to dismiss Navarrete's complaint, contending that the Court lacks subject matter jurisdiction in violation of Federal Rule of Civil Procedure 12(b)(1), and Navarrete fails to state a claim upon which relief can be granted, in violation of Federal Rule of Civil Procedure 12(b)(6). The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The CIA contends that this Court does not have subject-matter jurisdiction over Navarrete's claims as Navarrete lacks Article III standing. The CIA further contends that Navarrete cannot identify a clear waiver of sovereign immunity that would allow his suit against the CIA to proceed. The Supreme Court has made clear that a plaintiff must have suffered an injury in fact that is both concrete and particularized, and there must exist a causal connection between the injury and the conduct claimed of that is traceable to the challenged action of the defendant. *See Lujan v. Defenders of Wildlife*, 504 U.S. 5556, 560–61 (1992). Concrete" injuries are those that "actually exist" and are not "abstract." Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016).

Here, the CIA contends that the entire basis of Navarrete's amended complaint are abstract experiences he allegedly encountered at his work, in his daily life, and at his apartment over the course of the last decade. The CIA notes for the Court that Navarrete does not allege in his complaint that the CIA is responsible for any of the

4

negative experiences Navarrete alleges, failing to establish sufficient facts to establish an actual, imminent, or plausible injury. The CIA further contends that Navarrete has failed to identify a statute establishing that Congress has waived the sovereign immunity of the federal government such for this Court to establish jurisdiction. The CIA concludes its argument by noting that Navarrete fails to identify any statute under which he brings a claim against the CIA, failing to meet the notice pleading standard required to proceed in federal court. In response, Navarrete provides the Court with a response comprised of a hand-written, self-described "outline of constitutional rights violations."[8] Therein, Navarrete contends that he was "the victim of sustained physical and psychological torture by the CIA resulting in physical pain, bone structure damage, and severe psychological trauma," and asserts violations of his First, Fourth, and Fifth Amendment constitutional rights.[9]

The Court has independently reviewed the record in this case, in detail. Even construing the complaint liberally, the Court finds that Navarrete offers no plausible factual basis for his assertions against the CIA, failing to: (1) provide fair notice of the specifics of his claims; (2) identify a clear waiver of sovereign immunity; (3)

---

[8] *See Plaintiff's Outline of Constitutional Rights Violations*, Document No. 11 at 1–8.

[9] *Id.* at 4.

indicate what judgment or damages he seeks; or (4) raise allegations against the CIA that rise above mere speculation. Given the Fifth Circuit's guidance that a Plaintiff must provide enough facts to state a claim for relief that is plausible on its face, the Court finds that Navarrete's claims brought against the CIA should be dismissed.

### IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Central Intelligence Agency's Motion to Dismiss Plaintiff's Amended Complaint (Document No. 10) is **GRANTED.** The Court further

**ORDERS** that Plaintiff Andres Macedo Navarrete's claims against Defendant Central Intelligence Agency are **DISMISSED.**

SIGNED at Houston, Texas, on this **26** day of June, 2026.

_____
DAVID HITTNER
United States District Judge